IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| HACIENDA DESIGN STUDIO, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CAUSE NO. _____ |
| | § | |
| TCOE, INC. d/b/a DESIRE CEMENT TILE, | § | |
| DESIRE FLOORING and/or DESIRE GROUP, | § | |
| AND KIRSTEN A. CARABIN, | § | **JURY DEMANDED** |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COMES Plaintiff, Hacienda Design Studio, LLC ("Hacienda") and files its Original Complaint against Defendants TCOE, Inc. and Kirsten A. Carabin and shows unto the Court as follows:

### PARTIES

1. Plaintiff Hacienda is a limited liability company organized under the laws of the State of New York and its principal place of business is in the State of New York.

2. Defendant TCOE, Inc. ("TCOE") is a corporation organized under the laws of the State of Texas with its principal place of business in San Antonio, Texas. Defendant TCOE, Inc. may be served with process by serving its registered agent Kirsten A. Carabin at 605 E. Dewey Place, San Antonio, Texas 78212 or at 5150 Broadway #463, San Antonio, Texas 78209.

3. Defendant Kirsten A. Carabin ("Carabin") is an individual living in the State of Texas. Carabin may be served by serving her with process at 5150 Broadway #463, San Antonio, Texas 78209 or at 605 E. Dewey Place, San Antonio, Texas 78212.

## JURISDICTION

4. This Court has jurisdiction over the subject matter under diversity jurisdiction pursuant to 28 U.S.C. §1332(a) because the action concerns damages in excess of $75,000.00, exclusive of interest and costs, and is between citizens of different states, *viz.*, New York and Texas. This Court has *in personam* jurisdiction over Defendants because Defendants have conducted business in the State of Texas and reside in the State of Texas.

## BACKGROUND FACTS

5. Plaintiff Hacienda and its principal, Dana Berkowitz ("Berkowitz"), are the artistic designers of various types of cement tile which they have designed over a period of many years.

6. Defendants TCOE and Carabin (collectively "Defendants") own and operate a manufacturing and distribution company for the production of cement tile using the names of Desire Cement Tile, Desire Flooring and/or Desire Group. Defendants operate out of San Antonio, Texas and also maintain a business arrangement with the Thanh My factory located in the country of Vietnam where such tiles are manufactured.

7. On or about December 2010, Hacienda struck up an agreement with a company called Waterworks ("WW") for Hacienda to supply its designs for cement tile, so that WW would then market and sell such tile to its customers.

8.      Subsequently, on or about January 2011, Hacienda upon the recommendation of WW contacted Defendants to discuss a potential relationship wherein Defendants would manufacture the cement tiles using Hacienda's designs in order to satisfy Hacienda's business relationship with WW.

9.      Thereafter, Hacienda on the one hand, and Defendants on the other hand, entered into a contractual arrangement wherein Hacienda would supply its designs and Defendants would manufacture the cement tiles, invoice WW, collect payments from WW, and deliver the tiles from Vietnam to the United States and then to WW.  It was the agreement and understanding of all parties that Defendants would deduct the cost of production of the tiles from the gross receipts from WW and then split the net proceeds of monies received from WW 50/50 between Hacienda on the one hand, and Defendants on the other hand (the "Agreement"). As part of the Agreement, Defendants affirmatively represented that the production costs were projected to be about 40% such that Hacienda's 50% of the net proceeds should approximate about 30% of the gross receipts from WW (1/2 of 60%).

10.     On or about December 1, 2012, WW launched Hacienda's designs as part of its Promenade Collection.  Cement tiles using Hacienda's designs were produced and manufactured by Defendants using their factory in Vietnam.  Next, the tile was shipped to Defendants' warehouse in San Antonio, Texas to ship to WW.  WW placed purchase orders with Defendants, who in turn were sent invoices for those shipments.  Subsequently, WW then paid those invoices to Defendants.  At present, this business process has been now going on for approximately one and one half (1 1/2) years.  Despite this fact, to date Defendants have not paid Hacienda any money under the Agreement.

11. During 2013, Hacienda complained to Defendants and requested an accounting of the sales. After several months, Defendants eventually provided a supposed accounting showing that approximately $170,000.00 was paid by WW for use of Hacienda's designs in the production of the tiles. Subsequently, based on information and belief, Hacienda investigated this figure with WW and discovered that the $170,000.00 put forth by Defendants was severely understated and that the actual number was in excess of that amount. Furthermore, based on information and belief, Hacienda also found that Defendants had also severely overstated the costs of production of the tile which Defendants had represented to be approximately 40%. Hacienda now believes this figure to actually be closer to 15%.

12. Hacienda has made demand on Defendants for a full accounting and for payment of the amounts due and owing under the Agreement. Defendants refuse to provide an accurate accounting and refuse to pay Hacienda any money at all. Defendants have wrongfully withheld the proceeds from the sales to WW and have not paid Hacienda anything under the Agreement.

13. In addition to Defendants' violations of the Agreement mentioned above, Plaintiff has also learned that Defendants have sold tiles to third parties in other countries including, but not limited to, Australia containing Hacienda's designs. This action on the part of Defendants exceeded Defendants' authorized use of Plaintiff's designs and constituted further violations of the Agreement.

CAUSES OF ACTION

I. BREACH OF CONTRACT

14. Plaintiff incorporates Paragraphs 1-13 herein. Plaintiff and Defendants entered into the Agreement for Plaintiff to receive 50% of the gross profits received from WW for the use and manufacture of cement tile. The Agreement between the parties was oral and is

manifested by various correspondence between the parties, including emails, as well as other documents. The Agreement is also manifested by Defendants' use of Plaintiff's designs for the production of the cement tiles, which Defendants then sold to WW. Defendants breached the Agreement between the parties by failing to pay Plaintiff anything under the Agreement relating to the sales made to WW and by exceeding Defendants' authorized use of Plaintiff's designs under the Agreement by selling tiles containing Plaintiff's designs to third parties in other countries including, but not limited to, Australia. Plaintiff is entitled to recover damages from Defendants proximately caused by Defendants' breach which exceeds $75,000.00 exclusive of interest and costs.

## II. PROMISSORY ESTOPPEL AND UNJUST ENRICHMENT

15. Plaintiff incorporates Paragraph 1-13 herein. Alternatively, Plaintiff pleads the causes of action of Promissory Estoppel and/or Unjust Enrichment against Defendants. Defendants promised to provide Plaintiff 50% of the net profits of the sales to WW in exchange for the use of Plaintiff's designs. Defendants' promise is manifested by various correspondence between the parties, including emails and other documents. Said promise is also manifested by the actions of the parties including Defendants' use of Plaintiff's designs. Plaintiff reasonably relied upon Defendants' promise by allowing Defendants to manufacture tiles using Plaintiff's designs which Plaintiff owns. Defendants continually promised to sign a formal contract which they ultimately refused to finalize. Defendants have been unjustly enriched by the monies they have received from WW using Plaintiff's designs. Plaintiff is entitled to recover damages proximately caused by Defendants' breach of their promises which exceeds $75,000.00 exclusive of interest and costs.

## III. FRAUD AND MISREPRESENTATION

### A. Common Law Fraud

16. Plaintiff incorporates Paragraphs 1-13 herein. Defendants made affirmative misrepresentations to Plaintiff that, include but are not limited to, that they would pay Plaintiff 50% of the net profits related to all gross receipts and sales made to WW. In the context of said promise, Defendants also represented that the production costs for the cement tiles would be about 40% and that Plaintiff's net share should be about 30% of the gross receipts from WW (1/2 of 60%). Both of these figures are believed to be false. Defendants made each representation knowing they were false or made such representations recklessly. Plaintiff relied on these representations in allowing Defendants to use Plaintiff's designs in manufacturing and selling cement tiles. Defendants further represented that they would only use Plaintiff's designs for authorized purposes. Plaintiff is entitled to recover from Defendants damages proximately caused by Defendants' fraud which exceeds $75,000.00 exclusive of interest and costs.

### B. Deceptive Trade Practices

17. Plaintiff incorporates Paragraphs 1-13 herein. Defendants as alleged herein have also violated Section 17.45 *et seq.* of the Texas Business and Commerce Code ("DTPA") and their actions constitute deceptive trade practices. Specifically, Hacienda would assert that the misrepresentations relating to the Agreement referred to in this Complaint is violative at minimum of Section 17.46 (2,), (5), (11), (12), (22) and (24) and Section 17.50(a) (1) and (3) of the DTPA. Hacienda is a consumer as defined under the DTPA. Hacienda relied on the misrepresentations of Defendants to its detriment. As a direct and proximate result of

Defendants' violation of the DTPA, Hacienda has suffered and sustained damages which exceeds $75,000.00 exclusive of interest and costs.

## IV.  SUIT FOR ACCOUNTING

18. Plaintiff incorporates Paragraphs 1-13 herein.  Hacienda also hereby sues for an accounting of all sales, receipts and costs related to the production of cement tiles by Defendants containing Hacienda's designs.  This accounting would include a full accounting of all monies received from WW by Defendants for the Promenade Collection since its onset, and all costs of production incurred by Defendants in Vietnam or otherwise, to produce the Promenade Collection.  Said accounting would also include a full inventory of the cement tiles relating to the Promenade Collection that has been disbursed and that Defendants still have on hand.  Said accounting also should also include all sales of any cement tiles containing Plaintiff's designs to third parties.

## V.  EXEMPLARY AND STATUTORY DAMAGES

19. The damage caused by Defendants in this matter was done either intentionally and willfully and/or "knowingly" as defined in the DTPA.  Defendants' conduct was done with conscious disregard of Plaintiff's rights.  Defendants' fraud, misrepresentations and failure to disclose were of such a nature that exemplary damages should be awarded in favor of Plaintiff against Defendants.  Further, Plaintiff is entitled to additional damages up to treble the amount as specified in Section 17.50 of the DTPA.

## VI.  ATTORNEYS' FEES

20. It has been necessary for Plaintiff to hire the undersigned attorney to represent it in this action.  Plaintiff has agreed to pay such attorneys a reasonable fee and to reimburse expenses, through all levels of appeal if necessary.  Plaintiff is entitled to recover its attorneys'

fees and expenses from Defendants under Section 38.001 of the Texas Civil Practices and Remedies Code and Section 17.50 of the DTPA for which Plaintiff hereby sues.

## VII. JURY DEMAND

21. Plaintiff demands a trial by jury.

## PRAYER

WHEREFORE, premises considered, Plaintiff, Hacienda Design Studio, LLC requests that Defendants, TCOE, Inc. and Kirsten A. Carabin, be cited to answer and appear herein and that on trial hereof Plaintiff be awarded judgment against Defendants, jointly and severally, for all of Plaintiff's actual damages, pre and post-judgment interest, exemplary and additional damages as specified in the DTPA, its costs of court, its reasonable attorneys' fees, that all necessary writs be issued to enforce the judgment, and all other relief to which under law and in equity which Plaintiff may be justly entitled.

Respectfully submitted,

CONLEY ROSENBERG
MENDEZ & BRENNEISE LLP

By: /s/ Jay M. Rosenberg
     Jay M. Rosenberg
     State Bar No. 17269450
     jmr@crmb-law.com
     Kelly E. Kleist
     State Bar No. 24046229
     kek@crmb-law.com
     5080 Spectrum Drive
     Suite 850 E
     Addison, Texas 75001
     (972) 364-9700
     (972) 713-6480 (facsimile)

ATTORNEYS FOR PLAINTIFF,
HACIENDA DESIGN STUDIO, LLC