## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

|  |  |  |
|---|---|---|
| **HACIENDA DESIGN STUDIOS, INC.,** **Plaintiff** | ) ) ) ) | |
| **v.** | ) ) | **Civil Case No. 5:14-CV-00519-RCL** |
| **TCOE, INC., and KIRSTEN CARABIN** **Defendants** | ) ) ) ) ) | |

## MEMORANDUM OPINION

Before the Court are defendants' motion for summary judgment, ECF No. 34. After due consideration, defendants' motion is **DENIED** in whole.

### I. BACKGROUND

This dispute arises out of a collaboration between Hacienda Design Studios, Inc. ("Hacienda") and TCOE, Inc. ("TCOE") to manufacture and sell artisan cement tiles. It appears the parties first encountered one another in December or January of 2011, after Dana Berkowitz, the sole owner of Hacienda, approached her ex-employer Water Works, Inc. ("Water Works"), a tile retailer, in the hopes Water Works would include Hacienda's tile designs in its retail offerings. Although Water Works expressed an interest in Hacienda's designs, it refused to accept a new tile manufacturer, and consequently Hacienda contacted TCOE, Water Works' sole tile manufacturer. Kirsten Carabin, TCOE's principal owner, and Berkowitz then began the business relationship that forms the basis of this suit.

It is undisputed that in January 2011, Carabin and Berkowitz came to an agreement whereby TCOE would manufacture Hacienda's tiles while Hacienda would focus on their

1

marketing and sale. In exchange, the parties would split the net proceeds from those sales equally. At the outset, the only customer for the Hacienda line was Water Works, which launched a collection containing Hacienda designs in December of 2012. Originally, it appears the parties agreed there would be no cash outlay required, and orders would be secured by deposits. Nevertheless, it also appears the parties entered into a stocking arrangement with Water Works, whereby Carabin alleges she advanced funds toward the Water Works orders.

Sometime thereafter, another tile retailer, Artistic Tile, expressed interest in Hacienda's designs, and eventually placed an order worth approximately $50,000 secured by a $10,000 deposit. However, after TCOE manufactured the tiles, but before Artistic Tile took possession, Artistic Tile backed out of the transaction. According to Carabin, she thereafter made repeated attempts to resolve how the losses from the Artistic Tile contract should be handled between the parties, but no agreement was reached. Hacienda claims a large portion of the Artistic Tile stock went missing without explanation.

In 2013, Berkowitz made a request for her share of the proceeds from the Water Works sales. Carabin refused to transfer the funds on the ground that without an agreement regarding the allocation of losses and expenses between the parties, she would not distribute any funds allegedly owed to Berkowitz.

Finally, in April 2014, Hacienda terminated its relationship with TCOE without having received any funds from the Water Works proceeds. As a result, Hacienda brought this suit alleging breach of contract, promissory estoppel and unjust enrichment, fraud and misrepresentation, and deceptive trade practices under the Deceptive Trade Practices Act, Texas Business and Commerce

Code, § 17.45 *et seq.* ("DTPA"). Hacienda also seeks an accounting of all monies received by TCOE from Water Works.[1]

Defendants move for summary judgment on various grounds. Regarding Hacienda's breach of contract claim, defendants assert no contract arose between the parties due to a failure to agree on all material terms, and in the alternative they argue any contract is barred by the statute of frauds. Defs.' Mot. Summ. J. at 2. Defendants attack Hacienda's promissory estoppel and fraud claims on the basis that Hacienda cannot reasonably rely on vague and indefinite statements. *Id.* at 3. Defendants move for summary judgment on Hacienda's promissory estoppel claim because, according to defendants, Hacienda has presented no credible evidence as to that claim. Finally, defendants argue for dismissal of Hacienda's deceptive trade practices claim on the basis that Hacienda is not a consumer under the DTPA. *Id.* at 7.

## II. DISCUSSION

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Where the burden of proof at trial lies with the nonmoving party, the movant may satisfy its initial burden by showing that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). "If the moving party fails to meet its initial burden, the motion for summary judgment must be denied, regardless of the nonmovant's response." *Quorum Health Res., LLC, v. Maverick Cnty. Hosp. Dist.*, 308 F.3d 451, 471 (5th Cir. 2002). Defendants have failed to meet their initial burden.

---

[1] In a response to an order from this Court, ECF No. 47, both parties disclaim reliance on principles of general partnership law in favor of bringing and defending this suit purely within the realm of contract.

### A. Hacienda's Breach of Contract Claim

Defendants move for summary judgment on Hacienda's[2] breach of contract claim on the grounds that Hacienda has failed to set forth the alleged agreement in clear, definite, and precise terms so as to sufficiently establish the existence of a legally enforceable contract. Def.'s Mot. for Summ. J., at 2. Alternatively, defendants argue any agreement violates the statute of frauds under Texas Business and Commerce Code § 26.01. *Id.*

Under Texas law, "a binding contract requires (1) an offer; (2) an acceptance in strict compliance with the terms of the offer; (3) a meeting of the minds; (4) each party's consent to the terms; and (5) execution and delivery of the contract with intent that it be mutual and binding." *In re Capco Energy Inc.*, 669 F.3d 274, 279–80 (5th Cir. 2012) (internal quotation marks omitted).

Additionally, to be binding a contract must "be sufficiently definite in its terms so that a court can understand what a promisor undertook." *T.O. Stanley Boot Co. v. Bank of El Paso*, 847 S.W.2d 218, 222 (Tex. 1992). Consequently, where the material terms of the contract are not agreed upon, or where an essential term is open for future negotiation "it cannot constitute an enforceable contract." *Id.* Whether an agreement fails for lacking material terms is a question of law to be determined by the court. *Id.* Here, TCOE and Carabin posit that the failure to come to an agreement describing the specific responsibilities of each party, as well as how losses were to be distributed left material terms for future negotiation and agreement. That failure, according to defendants, precludes contract liability in this action. The Court disagrees.

Carabin admits that as of January 2011 it was her belief that the parties had entered into a business arrangement whereby she would invest up to $50,000 in the development of Hacienda's designs, Berkowitz would organize a sales and marketing team, and together they would market

---

[2] Throughout their motion for summary judgment, defendants refer to Hacienda's claims as belonging to Berkowitz. The Court reminds the defendants that Berkowitz is not a party in this suit.

and manufacture Hacienda's designs with the factory costs to be borne by Hacienda with profits shared equally. Pl.'s Resp. Ex. 2, Carabin Dep. at 79. At that time, the parties had also agreed to enter into a formal written agreement. *Id.* at 80. Carabin and TCOE's position that the parties' failure to carry out their agreement to formalize their oral arrangement renders the arrangement itself void for indefiniteness is unavailing. By Carabin's own admissions, defendants have withheld the proceeds from the Water Works sales on the basis that the parties have never agreed on a manner with which to calculate losses and expenses—yet the original agreement as alleged by Hacienda and admitted by Carabin contained no such precondition to payment. Defs.' Mot. Summ. J., Ex. C, Carabin Dec. ¶ 27; Pl.'s Resp., Ex. 2, Carabin Dep. at 77–79. Rather, as Carabin stated at deposition, the parties did not anticipate suffering losses nor did they contemplate cash outlays, and, therefore, did not initially agree on how these matters were to be handled. Pl.'s Resp., Ex. 2, Carabin Dep. at 79. The subsequent failure to modify an agreement cannot affect its terms unless such modification is a condition of performance, or the terms left to be memorialized are themselves material. *See Shaw v. Palmer*, 197 S.W.3d 854, 856 (Tex. App. 2006). There is no such condition here.

The question then becomes whether the initial oral arrangement itself contained the required material terms. The Court finds that it did. As set forth above, a contract need only "be sufficiently definite in its terms so that a court can understand what the promisor undertook." *T.O. Stanley*, 847 S.W.2d at 222. In this case, it is undisputed that Carabin and TCOE began an undertaking with Hacienda whereby TCOE would manufacture Hacienda's designs and ship them to Water Works in exchange for a share of the profit from the sale of those designs after "factory costs" were deducted. Pl.'s Resp., Ex. 2, Carabin Dep. at 77–79. The Court has no trouble

understanding TCOE and Carabin's obligations under this arrangment.[3] Further, that their oral agreement lacked a manner with which to determine the allocation of extraneous expenses does not render it void for lacking material terms. *See Crisp Analytical Lab, LLC v. Jakalam Props., Ltd.*, 422 S.W. 3d 85, 89–90 (Tex. App. 2014) (holding that a failure to define expenses was not an essential term of a contract). Here, the relevant expenses were those associated with the manufacture of the tiles themselves—expenses neither party disputes falls within the term "factory costs." That the parties later modified their course of conduct to include cash outlays and substantial investment cannot, without more, affect the material terms of their initial agreement. *See* Defs.' Mot. Summ. J., Ex. C, Carabin Dec. ¶ 11. At most, the parties agreed to agree regarding to the finalization of the finer details of their business arrangement. Those details are not terms so material as to render their oral contract void for vagueness.

Defendants also move for summary judgment on the ground that the alleged contract runs afoul of Texas' statute of frauds. Defendants point to Berkowitz's testimony that she believed the arrangement was to last for more than a year coupled with the fact that at the time suit was brought the alleged agreement had been in existence for over a year to support their assertion a signed writing is required under Texas Business and Commerce Code § 26.01. Defendants flip the relevant test on its head. The test is not whether a contract could be performed for more than a year, but rather whether it cannot be performed in less than a year. *Metro Marketing Servs., Inc. v. HTT Headwear, LTD*, 15 S.W.3d 190, 195 (Tex. App. 2000) (citing *Niday v. Niday*, 643 S.W.2d 919, 920 (Tex. 1982)). Where the parties fail to explicitly mention a time for performance, the

---

[3] Defendants also argue the contract is void for vagueness because Hacienda at one time in its complaint alleged that gross, rather than net, profits were those to be distributed equally between TCOE and Hacienda. An inconsistent allegation in Hacienda's unsworn complaint is not properly considered on a motion for summary judgment. *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir.) (holding an unverified complaint does not constitute competent summary judgment evidence).

court must determine whether the parties intended to complete the contract within a year. *Id.* (citing *Hall v. Hall*, 308 S.W.2d 12, 16 (Tex. 1957)). A court renders that determination from the facts and circumstances surrounding the adoption of the agreement, the situation of the parties, and the subject matter of the contract. *Id.* The burden rests on the summary judgment movant to prove conclusively based on the evidence it presents that the "reasonable time for performance" exceeds on year. Where the movant fails adduce any evidence on this point, the court cannot properly make a determination, therefore precluding summary judgment in the movant's favor. *See id.* Such is the case here. Carabin and TCOE have failed to point to any evidence detailing the "reasonable time for completion" of the alleged agreement in this case, and Berkowitz's testimony[4] regarding the contemplated duration is not conclusive on this point. Accordingly, defendants have failed to show they are entitled to judgment as a matter of law regarding the applicability of their statute of frauds defense. Summary judgment shall be **DENIED** as to Hacienda's breach of contract claim.

### B. Unjust Enrichment, Fraud, and Promissory Estoppel

To prevail on its fraud claim, Hacienda must show (1) the defendants each made a material representation; (2) the misrepresentation was made with knowledge of its falsity; (3) the defendant made the misrepresentation with the intention that it should be acted on by Hacienda; (4) Hacienda acted in reliance on the misrepresentation, and thereby suffered injury. *T.O. Stanley*, 847 S.W.2d at 222.

To prevail on its unjust enrichment claim, Hacienda must show TCOE or Carabin, or both unjustly received benefits to which they were not entitled. *Tex. Integrated Conveyor Sys., Inc. v. Innovative Conveyor Concepts, Inc.*, 300 S.W.2d 348, 367 (Tex. App. 2009). A person is unjustly enriched if she obtains benefits by fraud, duress, or the taking of an undue advantage. *Id.*

---

[4] Texas courts have held that post-formation conduct is not relevant evidence in this inquiry. Accordingly, that the contract was in fact in existence for more than a year is irrelevant. *Metromarketing*, 15 S.W.3d at 195.

To prevail on a promissory estoppel claim Hacienda must show (1) a promise; (2) foreseeability of reliance thereon by the promisor; (3) substantial reliance by Hacienda to its detriment. *English v. Fisher*, 660 S.W.2d 521, 524 (Tex. 1983).

TCOE and Carabin argue Hacienda's claim for fraud and promissory estoppel must fail because Hacienda has not adduced any evidence of the existence of a promise by defendants with clear, certain, or definite terms. As set forth above, there is ample evidence in the record demonstrating the existence and contours of the alleged agreement. Consequently, defendants' bald assertion that no agreement of clear, certain, or definite terms exists provides insufficient grounds for summary judgment.

Lastly, defendants state Hacienda's claim for unjust enrichment must fail because Hacienda "has presented no credible summary judgment evidence." Hacienda has produced Carabin's own testimony evidencing the existence of an agreement between Hacienda, TCOE, and Carabin of which no part of Hacienda's contemplated benefits have been disbursed. That testimony alone is sufficient to raise a genuine issue of material fact on this claim.

Defendants' motion for summary judgment as to these claims shall be **DENIED**.

### C. Deceptive Trade Practices Act Claim

Defendants move for summary judgment against Hacienda's Deceptive Trade Practices Act ("DTPA"), Texas Business and Commerce Code §§ 17.01 *et seq.* claims on the ground that Hacienda is not a consumer as defined under the Act. The DTPA includes within its definition of consumer "a[] . . . corporation . . . who seeks or acquires by purchase or lease, any goods or services." *Id.* at § 17.45(4). Hacienda argues it "sought manufactured cement tiles from Defendants and is therefore a consumer under the DTPA." Pl.'s Resp. at 15. There is no allegation Hacienda is not a properly incorporated entity. The word purchase under the DTPA is defined as "the actual

transmission of services from one person to another by voluntary act or agreement, founded on valuable consideration." *Houston Livestock Show and Rodeo, Inc., v. Hamrick*, 125 S.W.3d 555, 572 (Tex. App. 2003). "Services" is defined as "work, labor, or service purchased or leased for use, including services furnished in connection with the sale or repair of goods." Tex. Bus. & Comm. Code, § 17.46. There can be no doubt the manufacture of tiles is a service under the DTPA's definition of that term. The question then becomes whether an interest in the yet-to-be-realized profits from the sale of those manufactured tiles represents the "valuable consideration" required to render this transaction a purchase under the DTPA. Other Texas cases—albeit outside of the DTPA context—have defined "valuable consideration" to include "some right, interest, profit or benefit accruing to one party, or some forbearance, loss, or responsibility given, suffered or undertaken by the other." *McRae Exploration & Prod., Inc. v. Reserve Petroleum Co.*, 962 S.W.2d 676, 683 (Tex. App. 1998). There can also be little doubt the right to profits realized from the sale of the tiles would fit within this understanding of the term "valuable consideration."[5] Defendants have not argued law to the contrary. As a result, their motion for summary judgment as to Hacienda's DTPA claim shall also be **DENIED**.

### III. CONCLUSION

A separate order shall issue this date in which defendants' motion for summary judgment shall be **DENIED** in whole.

DATE: 11/6/15

Royce C. Lamberth
United States District Judge

---

[5] The Court is aware it is well-settled in Texas law a transaction in which intangible goods or services, such as the loaning of money, does not fall within the DTPA's purview. *See Riverside Nat'l Bank v. Lewis*, 603 S.W.2d 169, 174 (Tex. 1980). That line of cases nevertheless deals with the goods or services being sought, not the consideration being furnished, and is therefore unhelpful here.